UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION
COMMISSION TO DETERMINE COMPENSATION

ROCKIES EXPRESS PIPELINE, LLC,

    Plaintiff,                      Case No. 2:08-cv-554

    v.

4.895 ACRES OF LAND, MORE OR LESS,
IN BUTLER COUNTY, OHIO
(PIPELINE RIGHT-OF-WAY SERVITUDE), et al.,

    Defendants.

# OPINION AND ORDER CONDITIONALLY GRANTING
# MOTION *IN LIMINE* OF DEFENDANTS RICHARD AND SUSAN PAULUS

## I. Background

This matter comes before the Commission pursuant to the Court's **ORDER** appointing the Commission to determine compensation in the above-captioned case (Doc. # 597). A motion *in limine* (Doc. # 654) was filed by Defendants Richard and Susan Paulus on April 14, 2009. Plaintiff filed no response to the motion in the time set forth in the General Commission Order (Doc. # 615).

## II. Discussion

### A. Applicable Standard

The purpose of a motion *in limine* is " 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.' " *Palmieri v.*

*Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines*, 652 F. Supp. 1400, 1401 (D.Md. 1987)).  Ordinarily, motions *in limine* are to <u>exclude</u> evidence or prevent certain information from coming before the jury.  Here, Defendants' motion *in limine* is to <u>admit</u> evidence and seems akin to a request for an advisory opinion.  Indeed, there has been no objection to admissibility and no timely response to Defendants' motion *in limine*.

Courts generally have the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds.  *Cf. Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in the proper context.

**B.  Law and Analysis**

Defendants have requested *in limine* that evidence of the amount paid for sales of easements by landowners to Plaintiff that occurred from January through May of 2008 in Fairfield and surrounding counties be deemed admissible.  The traditional rule is that "[t]he price paid by a condemnor in settlement of condemnation proceedings or in anticipation of such proceedings is inadmissible to establish value of comparable land as 'such payments are in the nature of compromise to avoid the expense and uncertainty of litigation and are not fair indications of market value.' " *United States v. 10.48 Acres of Land*, 621 F.2d 338, 339 (9th Cir. 1980) (quoting *Slattery Co. v. United States*, 231 F.2d 37, 41 (5th Cir. 1956)).  *See also United States v. 0.59 Acres of Land*, 109 F.3d 1493, 1498 (9th Cir. 1997); *United States v. 25.02 Acres of Land*, 495 F.2d 1398, 1401 (10th Cir. 1974) ; *Evans v. United States*, 326 F.2d 827, 831 (8th

2

Cir. 1964); *City of Toledo v. Kim's Auto & Truck Serv., Inc.*, No. L-02-1318, 2003 WL 22390102, at *7 (Ohio Ct. App. Oct. 17, 2003). The justification for this rule is that such transactions are in the nature of compromises to avoid litigation and are not comparable to arms-length transactions. Many courts, however, also hold that such evidence *can* be admitted where the party offering the evidence can make a preliminary showing that the purchase by the condemnor or potential condemnor was truly voluntary. *See, e.g., United States v. 10.48 Acres of Land*, 621 F.2d 338 (9th Cir. 1980). Moreover, an exception also exists in cases where " 'the fact that parties were condemnor and condemnee either was not known or had no influence because the sale was not in connection with, or in anticipation of condemnation proceedings.' " *Transwestern Pipeline Co. v. O'Brien*, 418 F.2d 15, 19 (5th Cir. 1969) (quoting *Slattery Co.*, 231 F.2d at 41).

Further, it appears that courts have become increasingly willing to admit such evidence. *See United States v. 691.81 Acres of Land*, 443 F.2d 461, 462-63 (6th Cir. 1971). *See generally* UNIFORM APPRAISAL STANDARDS FOR FEDERAL LAND ACQUISITIONS, sec B-18, at 61. In *691.81 Acres*, a case involving post-condemnation transactions, the court said that "[t]here is no absolute rule which excludes evidence of sales of similar property made subsequent to the condemnation action" and held that differences in value arguably arising from the presence or threat of condemnation proceedings go to the weight of the evidence rather than its admissibility. *691.81 Acres*, 443 F.2d at 462-63. *See also United States v. 4.85 Acres of Land*, 546 F.3d 613, 619 (9th Cir. 2008). A *per se* exclusion is arguably even less appropriate where, as here, the evidence sought to be admitted relates to sales which occurred prior to the institution of condemnation proceedings. Also, because this evidence will be heard by a

3

Commission with experience in the law and with real estate valuation, evidence should be more liberally admitted that would be the case in a trial by a lay jury. *See United States ex rel. TVA v. Easement and Right of Way,* 405 F.2d 305, 308 (6th Cir. 1968).

Nonetheless, the Commission will not grant the motion unconditionally. The mere fact that the transactions offered as evidence occurred prior to Plaintiff's acquiring formal condemnation authority does not, as Movants suggest, remove the potential that such transactions were influenced by impending condemnation and were, therefore, not truly voluntary transactions. Moreover, the concerns that courts have expressed about the comparability of such transactions to arms-length transactions are legitimate. *See, e.g., City of Toledo*, 2003 WL 22390102, at *7.

Because transactions between a landowner and condemnor or potential condemnor may represent compromises by either side to avoid litigation or delay, rather than truly arms-length transactions reflective of market value, courts have required that the party offering the evidence lay a preliminary foundation for the admission of such evidence. *See, e.g., Easement and Right of Way*, 405 F.2d at 307-08 (evidence of sale to condemnor was admissible when record demonstrated that sale to school board was voluntary and not in connection with or in anticipation of condemnation proceedings). While the Ohio Supreme Court found it unnecessary to decide whether to adopt a *per se* exclusionary rule as to such evidence, it clearly held that an adequate foundation must be laid that transactions with a condemnor or potential condemnor were voluntary. *Masheter v. Brewer,* 40 Ohio St. 2d 31, 34-35, 318 N.E.2d 849, 851-52 (1974). This foundation must demonstrate a reasonable basis for concluding that the transaction was reasonably comparable to an arms-length transaction, i.e., that it was not influenced by the fact

4

of, or potential for, condemnation.  However, the mere *possibility* that such influence existed will not result in its exclusion.  *691.81 Acres of Land*, 443 F.2d at 463.

### III.  Conclusion

For the reasons stated above, said motion is **conditionally granted** (Doc. # 654).  The final decision regarding admissibility of the anticipated evidence will depend upon what objections are made and what evidentiary foundations are laid.

**IT IS SO ORDERED.**

**/s/ Gregory M. Travalio**
**GREGORY M. TRAVALIO**
**COMMISSION CHAIR**
