UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROCKIES EXPRESS PIPELINE, LLC,

        Plaintiff,

v.

4.895 ACRES OF LAND, MORE OR LESS,
IN BUTLER COUNTY, OHIO
(PIPELINE RIGHT-OF-WAY SERVITUDE), et al.,

        Defendants.

Case No. 2:08-cv-554
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

### OPINION AND ORDER

This matter is before the Court for consideration of a notice of withdrawal of jury demand

(Doc. # 704) filed by Defendants Murray Energy Corporation, American Energy Corporation.

and Consolidated Land Company ("Defendants"), a memorandum in opposition (Doc. # 709)

filed by Plaintiff, Rockies Express Pipeline, LLC, and a reply memorandum (Doc. # 718) filed by

Defendants. Also before the Court is a motion for an expedited hearing (Doc. # 705) filed by

Defendants, a memorandum in opposition (Doc. # 711) filed by Plaintiff, and a reply

memorandum (Doc. # 719) filed by Defendants. For the reasons that follow, this Court

recognizes that Defendants' notice of withdrawal is improper and that Defendants' motion is

therefore moot.

### I. Background

As this Court has previously noted, Plaintiff is a natural gas pipeline company that is in

the business of constructing and using pipelines to transport natural gas in interstate commerce

for public consumption. Of interest here is the company's current project of constructing an

1

approximately 1,679 mile-long natural gas pipeline running through portions of Southern Ohio. The first two portions of this pipeline project are already in service, with the properties involved in this action falling within the third portion of the project, the Rockies Express East Pipeline Project.

On May 30, 2008, Plaintiff obtained a Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission. Having obtained this certificate, Plaintiff has been effectuating its pipeline construction project by acquiring permanent easements and temporary work spaces during construction and restoration phases across numerous parcels of land that constitute the properties involved in this litigation. Plaintiff therefore initiated this case on June 6, 2008, properly joining separate pieces of property in this single action regardless of the fact that most of the properties are not owned by the same landowners. *See* Fed. R. Civ. P. 71.1(b). Plaintiff has twice amended its complaint, and the latest pleading named fifty-two defendant properties, many of which are no longer involved in this action. (Doc. # 490.) Defendants remain parties to this case and previously made a jury demand. (Doc. # 518.)

After the Court proceeded to lift a stay affecting Defendants (Doc. # 701), Defendants filed a notice of withdrawal of their jury demand (Doc. # 704) and a motion for an expedited hearing, or bench trial, on damages (Doc. # 705). Whether a hearing is possible turns on the threshold issue of whether Defendants can unilaterally withdraw their jury demand. Plaintiff opposes the withdrawal, the parties have fully briefed the issues involved, and the jury demand issue is ripe for disposition.

## II. Discussion

As noted, the threshold issue before the Court is whether a party may unilaterally

withdraw a request for a jury trial in an eminent domain proceeding governed by Fed. R. Civ. P.

71.1 or whether such withdrawal only may occur with consent of both parties as contemplated in

Fed. R. Civ. P. 38(d). The Court therefore begins with Rule 71.1, which recognizes that a jury

trial is a possibility in eminent domain proceedings. The rule provides:

> In an action involving eminent domain under federal law, the court tries all issues, including compensation, except when compensation must be determined:
>
> (A) by any tribunal specially constituted by a federal statute to determine compensation; or
>
> (B) if there is no such tribunal, by a jury when a party demands one within the time to answer or within any additional time the court sets, unless the court appoints a commission.

Fed. R. Civ. P. 71.1(h)(1). The "time to answer" referenced in Rule 71.1(h)(1)(B) is "20 days

after being served with the notice" described in Rule 71.1(c) and (d). Thus, the rule indicates

that a party must make a jury demand and specifies the time in which to do so, without

addressing explicitly the potential withdrawal of that demand.

Rule 71.1 also provides, however, that the Federal Rules of Civil procedure "govern

proceedings to condemn real and personal property by eminent domain, except as this rule

provides otherwise." Fed. R. Civ. P. 71.1(a). This provision therefore recognizes that other rules

of federal civil procedure apply to Rule 71.1 proceedings unless Rule 71.1 renders them

inapplicable.[1] Such incorporation of other applicable rules leads to Rule 38, which provides in

relevant part that "[a] proper demand may be withdrawn only if the parties consent." Fed. R.

---

[1] The drafters sometimes expressly rejected application of other rules and sometimes implicitly rejected them. *See, e.g.*, Fed R. Civ. P. 71.1(d)(5) (expressly noting the applicability of Rule 4(a)(2) and 4(l)), (f) (implicitly rejecting the applicability of Rule 15), (h)(2)(D) (expressly recognizing the applicability of Rule 53(d), (e), and (f) while implicitly rejecting the applicability of other portions of Rule 53), & (l) (expressly rejecting the applicability of Rule 54(d) to costs).

3

Civ. P. 38(d). Defendants contend in their notice of withdrawal of their jury demand (Doc. # 704) that Rule 71.1 does not prohibit the unilateral withdrawal of a jury demand and that Rule 38(d) is inapplicable to Rule 71.1 proceedings. To support these contentions, they direct this Court to the non-binding decision of *United States v. Keller*, 142 F.3d 718 (4th Cir. 1998).

In *Keller*, a split Fourth Circuit panel addressed the interplay between Rule 71.1 and Rule 38(d) and reasoned that Rule 38 applies by its terms only to cases where a party has a constitutional or statutory right to a jury trial. *Id.* at 722. The *Keller* majority held that because "it is settled law that there is no constitutional right to a jury trial" in eminent domain proceedings, *id.* at 720 (citing *United States v. Reynolds*, 397 U.S. 14, 18 (1970); *Bauman v. Ross*, 167 U.S. 548, 593 (1897)), and because the federal rule providing for an eminent domain jury trial cannot be said to constitute a statutory right to a jury trial, it follows that Rule 38(d) is not applicable to eminent domain proceedings inasmuch as Rule 38 applies only to cases in which there is a constitutional or statutory right to a jury trial. *Id.* at 722. Thus, the *Keller* majority concluded, a jury demand under former Rule 71A(h) (now Rule 71.1(h)), "simply falls outside the purview of [Fed. R. Civ. P.] 38." *Id.*

Defendants argue that because *Keller* thus teaches that Rule 38(d) and its requirement that all parties agree to a withdrawal does not apply, they are entitled to make a unilateral withdrawal of their Rule 71.1(h) jury demand. This Court disagrees.

The *Keller* dissent agreed with the majority that what is now Rule 71.1 dictates when a jury may be employed in eminent domain cases. *Keller*, 142 F3.d at 723 (Traxler, J., dissenting). But the dissent also opined that Rule 38(d) applies to a Rule 71.1 demand, which means that a jury demand can only be withdrawn with consent. *Id.* at 724. The dissenting judge explained

that rather than finding Rule 71.1 preemption of Rule 38, he must recognize:

> In this instance, Rule 71A(h) is silent. It does not address whether a party may simply withdraw its timely request for a jury trial without obtaining consent from the opposing party, leaving the district court, in essence, to proceed as if no jury demand had been made in the first place. Receiving no express guidance from the text of subsection (h), I believe we are obliged to apply the directive of subsection (a) of Rule 71A and look to the other rules of procedure for our answer. Rule 38, which governs the preservation of the right to a jury trial in other civil actions, is the obvious place to begin. . . . Because Rule 71A(h) is mute on the question of withdrawal, the provisions of Rule 38(d) should be imported, requiring the consent of all interested parties before a timely jury demand on the issue of just compensation may be withdrawn. To find otherwise would be to conclude that the drafters of Rule 71A(h), *by their silence,* altered the rules for withdrawing a jury demand that apply to every other proceeding governed by the Federal Rules of Civil Procedure. I believe the better view–and one which is compelled by Rule 71A(a)–is that the text of Rule 71A(h), by its silence, allows for the application of the "general framework of the Federal Rules where specific detail is unnecessary." Fed. R. Civ. P. 71A(a) advisory committee's notes, original report. Such an interpretation provides, as I believe the drafters of Rule 71A intended and common sense dictates, a measure of consistency in the application of Rule 71A with normal rules of procedure that ordinarily control civil proceedings in federal courts. A contrary interpretation would create an unwarranted anomaly.

*Id.* at 726. This approach supports Plaintiff's contention that Rule 71.1(a) incorporation of the

Rule 38(d) consent requirement precludes Defendants' attempted withdrawal here.

The *Keller* dissent's analysis hinges on its conclusion that what is now Rule 71.1 "carries

'the force and effect' of a statute" because it was the result of the United States Supreme Court

exercising a delegated power. Id. at 727. Under this characterization, Rule 71.1 "operates as a

statute" and would fall within the scope of Rule 38(a), which provides that "[t]he right of trial by

jury as declared by the Seventh Amendment to the Constitution–or as provided by a federal

statute–is preserved to the parties inviolate." Treating *all* provisions of Rule 38 as targeting only

a constitutional or statutory right means that under the *Keller* dissent's rationale, a Rule 71.1(h)

jury demand is a statutory right to a jury that once invoked can only be withdraw with the consent

5

of the parties.

The extant question then becomes: What if the Keller dissent is incorrect and Rule 71.1(h) does not present a statutory right? What happens then is that two prongs of reasoning become necessary, the analysis shifts, and the end result is the same for the fate of Defendants' notice of withdrawal.

Under the first possibility, treating *all* provisions of Rule 38 as targeting *only* a constitutional or statutory right to a jury, there would be no basis to apply Rule 38(d) because that provision only targets the jury trial rights set forth in Rule 38(a). Because under this scenario the Rule 71.1(h) jury demand is neither constitutional nor statutory in nature, Rule 71.1(a) thus cannot incorporate Rule 38(d) and its consent requirement. This scenario then provides that there is thus no provision in the Federal Rules of Civil Procedure that provides a mechanism for withdrawing a jury demand made in a Rule 71.1 case. There is also no express prohibition on such a withdrawal. But rather than adopting the policy-oriented course contemplated by the *Keller* dissent and fashioning a judge-made rule for withdrawing–a dubious proposition subject to predilection and whim–the plain reading of the rules is that in Rule 71.1 cases, there is simply no withdrawal permitted. The rationale supporting this arguably draconian result is that the rule drafters knew how to provide for a mechanism of withdrawal when they wanted, *see* Fed. R. Civ. P. 38(d), and they did not provide for withdrawal in the Rule 71.1 context for good, bad, or perhaps no reasons. Defendants' notice of withdrawal would thus fail because the jury demand simply cannot be undone.

The second possibility is that *not* all provisions of Rule 38 should be regarded as targeting *only* a constitutional or statutory right to a jury. Under this scenario, not all portions of Rule 38

are subject to the Rule 38(a) limitation and each provision must be examined for possible incorporation into or application to Rule 71.1. This Court will therefore examine the potential applicability of Rule 38(d), an analysis that turns on whether Rule 71.1 "provides otherwise" than what Rule 38(d) provides.

In *Keller*, the Fourth Circuit addressed the pre-2007 amended Rule 38. The prior version of Rule 38 provided in relevant part that "[a] demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties." *Keller*, 142 F.3d at 722. The Rule 38(d) "as herein provided" language directs one to former Rule 38(b), which provides for how a demand is made. Under former Rule 38(b), a party can make a jury demand any time from the commencement of the action to not later than 10 days after service of the last relevant pleading. Former Fed. R. Civ. P. 38(b).

Rule 38 was amended on April 30, 2007, with the current rule taking effect on December 1, 2007. Notably, the relevant portion of Rule 38 now provides that "[a] proper demand may be withdrawn only if the parties consent." Fed. R. Civ. P. 38(d). The amendment thus disposes of the "as herein provided" language contained in the former version of Rule 38(d). At first blush, this would suggest that Rule 38(d) no longer applies only to demands made under Rule 38(b). Such a conclusion is flawed, however, because the Advisory Committee Notes to the 2007 Amendments provide that the "changes are intended to be stylistic only." Thus, Rule 38(d) maintains its link to Rule 38(b), which continues to provide that a party can make a jury demand any time up to 10 days after service of the last relevant pleading. Fed. R. Civ. P. 38(b)(1). Such linkage to Rule 38(b) by Rule 38(d) defeats the application of Rule 38(d) to a Rule 71.1(h) jury demand.

7

The Court reaches this last result because Rule 71.1 requires that a jury demand be made "within the time to answer or within any additional time the court sets, unless the court appoints a commission." Fed. R. Civ. P. 71.1(h)(1)(B). The "time to answer" is set by Rule 71.1, which provides that an answer must be served "within 20 days after being served with the notice." Fed. R. Civ. P. 71.1(e)(2). This Court agrees with the *Keller* majority's statement that where Rule 71.1 "speaks to a procedural issue, it preempts other rules of procedure." *Keller*, 142 F.3d at 722. Because Rule 71.1 expressly "provides otherwise," Rule 38(b) is inapplicable to eminent domain proceedings. Rule 71.1 sets a different time for making a jury demand than that contemplated by Rule 38(b), rendering Rule 38(b) inapplicable. This in turn renders Rule 38(d), which deals only with a Rule 38(b) demand, similarly inapplicable to Rule 71.1. Under this scenario, the end result is the same regardless of whether Rule 38 is read as a unified whole because the nature of the jury demand right at issue becomes irrelevant; it is the conflict between Rule 71.1(h) and Rule 38(b) that creates a contingent conflict between Rule 71.1 and Rule 38(d). Rule 71.1 is left to control withdrawal, and there is no basis to assume its silence is meant to open the door to any withdrawal, much less unilateral withdrawal.

Because any of the foregoing analytic paths lead to the same result for Defendants' notice of withdrawal, this Court need not and does not decide which analysis is ultimately correct. If Rule 38(d) applies, Defendants' notice is improper because Plaintiff does not consent to withdrawal. If Rule 38(d) does not apply, Defendants' notice is improper because there is no mechanism for withdrawing the jury demand. The Court recognizes the unusual nature of a holding that Rule 71.1 does not provide a method for withdrawal of a jury demand in an eminent domain case, which would recognize an anomaly, if not an inconsistency in need of correction,

8

within the federal rules. But the Court is also mindful of its role to apply the law and the rules as written and not to create mechanisms for relief on an ad-hoc basis based on convenience or pragmatic concerns.

### III. Conclusion

For the foregoing reasons, the Court recognizes that Defendants' notice of withdrawal of their jury demand is void and thus of no effect. (Doc. # 704.) Absent Plaintiff's consent to withdrawal of the jury demand, Defendants' issues remain set for jury trial. Consequently, the Clerk shall terminate Defendants' pending motion for an expedited bench trial on compensation as moot. (Doc. # 705.)

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE