UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROCKIES EXPRESS PIPELINE, LLC,

       Plaintiff,

v.

4.895 ACRES OF LAND, MORE OR LESS,
IN BUTLER COUNTY, OHIO
(PIPELINE RIGHT-OF-WAY SERVITUDE), et al.,

       Defendants.

Case No. 2:08-cv-554
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of the following related filings:

(1) a motion for an order clarifying the authority of the Commission to award damages (Doc. # 761) filed by Defendants Eddie Potts, Sharon Potts, Mary Potts, Trustee, and Donald Potts, Trustee ("the Potts Families"); a motion for an order clarifying the authority of the Commission to award damages (Doc. # 768) filed by Defendants Ann E. Alexander, care of Jessie R. Alexander, Guardian ("Alexander"); a combined memorandum in opposition (Doc. # 776) filed by Plaintiff, Rockies Express Pipeline LLC ("REX"); a reply memorandum (Doc. # 781) filed by the Potts Families; and a reply memorandum filed by Alexander;

(2) a motion to add supplemental Commission instructions (Doc. # 772) filed by REX; a memorandum in response (Doc. # 778) filed by the Potts Families; a memorandum in response (Doc. # 779) filed by Defendants Murray Energy Corporation, American Energy Corporation, and Consolidated Land Company ("the Murray Companies"); a memorandum in response (Doc.

1

# 780) field by Alexander; and

(3) a motion for supplemental instructions (Doc. # 782) filed by the Potts Families; and a memorandum in opposition (Doc. # 787) filed by REX.

In all of these filings, the parties debate the need for, and the possible content of, supplemental instructions to the Commission. Having reviewed the briefing and the cases upon which the parties focus–primarily *State ex rel. Blank v. Beasley*, 121 Ohio St. 3d 301, 903 N.E.2d 1196 (2009), *Martin v. Design Construction Services, Inc.*, 121 Ohio St. 3d 66, 902 N.E.2d 10 (2009), *United States v. 47,3096 Acres*, 583 F.2d 270 (6th Cir. 1978), and *Wray v. Stvartak*, 121 Ohio App. 3d 462, 700 N.E.2d 347 (Ohio Ct. App. 1997), in addition to the relevant Sixth Circuit and state law cases discussed in the briefing–this Court concludes that only select supplemental Commission instructions are appropriate as described below.

These instructions set forth additional applicable law that the Commission must follow. Not included in these instructions is content suggested by the parties that lacked authority supporting its applicability to these proceedings. For example, the Ohio Supreme Court did not indicate that it intended *Martin* to apply in this context and replace its prior holding that served as the basis for the instruction this Court culled from *Ohio Jury Instructions* and included in its February 12, 2009 instructions to the Commission. (Doc. # 597.) Absent authority supporting such an extended application, this Court declines to construe the holding of *Martin* beyond the contours implicit in that decision. Similarly, the Court has rejected proposed instructions that go beyond the case law and the statutes involved. The Court has also declined to adopt the proffered instructions on attorney's fees because, even assuming *arguendo* that such fees may be awarded in these proceedings pursuant to Ohio Revised Code § 163.21(C), this would be a

matter for the Court and not for the Commission to decide. Finally, even where this Court agrees that a supplemental instruction is necessary, the Court has declined to adopt much of the parties' suggested language in favor of drafting its own statements of the applicable law.

The Court therefore **GRANTS IN PART** and **DENIES IN PART** the parties' motions for supplemental instructions. (Docs. # 761, 768, 772, 782.) The Commission shall adhere to the following instructions as appropriate:

### Scope of Commission Authority – Property Damages

> The Commission is empowered to determine compensation for the taking involved in each hearing. A taking requires that the claimed encroachment subject private property to a public use. The compensation arising from such a taking is restricted to damage that was actually foreseen by the condemnor or that was obviously deliberately inflicted for the purpose of carrying out the project involved. Alternate remedies exist for damages based on other tortious conduct, such as negligence.
>
> Accordingly, the Commission must determine compensation for the taking of property resulting from a taking, or damage, that the condemnor actually foresaw or that the condemnor deliberately inflicted for the purpose of carrying out the project. This includes damage resulting from unintended results when the circumstances involved indicate that the condemnor acted with knowledge amounting to a substantial certainty that its conduct would cause such damage. The Commission is without authority to determine compensation for damage when a party seeking compensation fails to demonstrate that the condemnor actually foresaw such damage or that the condemnor deliberately inflicted the harm for the purpose of carrying out the project.

### Business Interruption Damages

> Whenever the taking requires the owner, a commercial tenant, or a residential tenant identified by the owner to move or relocate, the Commission may order compensation to that person for all of the following: (a) actual reasonable expenses in moving the person and the person's family, business, farm operation, or other personal property; (b) actual direct losses of tangible personal property as a result of moving or discontinuing a business or farm operation, but not to exceed an amount equal to the reasonable expenses that would have been required to relocate such property; (c) actual reasonable expenses in searching for a replacement business or farm, but not to exceed two thousand five hundred dollars; and (d) actual and

3

reasonable expenses necessary to re-establish a farm, nonprofit organization, or small business at its new site, but not to exceed ten thousand dollars. The owner, commercial tenant, or residential tenant identified by the owner shall have the burden of proving these expenses by a preponderance of the evidence.

In addition to any payments an owner of a business may receive as expenses as discussed above, an owner of a business who is required by an appropriation of real property to relocate the business may recover damages for the owner's actual economic loss resulting from the appropriation, as proven by the owner by a preponderance of the evidence. Compensation for such actual economic loss shall not include any attorney's fees and shall not duplicate any other amount awarded as compensation. The amount of compensation awarded pursuant to this instruction shall not exceed twelve months net profit of the business on an annualized basis.

## **Lot Development**

The Commission may admit a lot method appraisal if the party seeking to rely on this method offers credible evidence of the costs of subdivision, such as the expense of clearing and improving the land, surveying and dividing it into lots, advertising and selling, holding it, and paying taxes and interest until all lots are sold. The Commission may consider any factors that might fairly be brought forward and given substantial weight in bargaining between an owner willing to sell and a purchaser desiring to buy. The potential value of land if subdivided could well be considered by a willing buyer and a willing seller where subdivision is a reasonable possibility and the costs of subdivision are not speculative or uncertain.

In the absence of credible cost evidence of developing a subdivision, the Commission should exclude the lot valuation method. The party seeking to rely on the lot method of appraisal must also present evidence of a current demand or potential for subdivisions in the neighborhood or evidence that the party had a plan to subdivide the property. The Commission should not admit or consider valuation testimony based on a hypothesized subdivision that is dependent upon events or combinations of occurrences that, while within the realm of possibility, are not fairly shown to be reasonably probable.

In assessing whether events or combinations of occurrences are reasonably probable, the Commission shall recognize that existing zoning restrictions necessarily constitute an important factor for the appraisal witnesses to consider in connection with the market value of the land. An existing zoning regulation does not and may not control that market value of the property involved, however, if in the opinion of an expert appraisal witness, an informed, willing purchaser would be presently agreeable to pay more than an amount justified under existing zoning.

4

> Such evidence reflects upon the fair market value of the property. The expert need not confine his or her valuation testimony to the use permitted under existing zoning regulations. Rather, the expert may testify as to a highest and best use that is not permitted under existing zoning regulations even without evidence of a probable change in zoning within the foreseeable future, provided that there exists a reasonable expectation of a favorable review should a zoning change be requested.

These instructions supplement the Commission instructions contained within the Court's February 12, 2009 Order. (Doc. # 597.)

**IT IS SO ORDERED**.

          /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE