UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROCKIES EXPRESS PIPELINE, LLC,**

        **Plaintiff,**                         Case No. 2:08-cv-554
                                                     JUDGE GREGORY L. FROST
        **v.**                                         Magistrate Judge Terence P. Kemp

**4.895 ACRES OF LAND, MORE OR LESS,
IN BUTLER COUNTY, OHIO
(PIPELINE RIGHT-OF-WAY SERVITUDE), et al.,**

        **Defendants.**

**OPINION AND ORDER**

This matter is before the Court for consideration of the Report and Recommendation of the Commission regarding the Alexander property. (Doc. # 854.) Also before this Court are Objections (Doc. # 881) filed by Defendant, Anna Alexander, and a memorandum in opposition (Doc. # 888) filed by Plaintiff, Rockies Express Pipeline LLC ("REX"). For the reasons that follow, this Court finds the Objections partially well taken and remands the Report and Recommendation to the Commission for further consideration.

In the June 17, 2010 Report and Recommendation, the Commission recommended that REX compensate Alexander in the amount of $136, 121.70. This recommendation was the result of a unanimous decision reached by Commission Chairperson Gregory M. Travalio, Commissioner Craig B. Paynter, and Commissioner Gerald Frank Hinkle, (Doc. # 854, at 12-13.) Alexander has subsequently objected to the Commission decision on four grounds, and this Court's disposition of the first objection renders the remaining objections premature.

Like the prior objections filed by Jeffrey and Maureen McCarty, other landowners involved in this litigation, Alexander points in her first objection to the fact that Commissioner Paynter has a potentially disqualifying conflict precluding his service on the Commission when a party objects to that service. This Court has previously discussed the Commissioner Paynter issue in its July 30, 2010 Opinion and Order, which the Court incorporates herein by reference. (Doc. # 875.)

Consequently crediting Alexander's objection to Commissioner Paynter's serving on her Commission panel, the Court recognizes that the extant question is what remedy is appropriate. Alexander argues that instructing the Commission Chairperson to replace Commissioner Paynter with an alternate commissioner and to begin deliberations anew would fail to address the residual taint that Alexanders posits exists as a result of Commissioner Paynter's prior involvement in the process. But Alexander overstates the issues while failing to give due credit to the remaining commissioners and the commission process itself. Like a jury sent to begin new deliberations after a juror has been replaced by an alternate, the Commission can produce a fair and just result as a result of new deliberations. Alexander's overblown speculation to the contrary assumes a level of conscious or subconscious influence that would vitiate the professionalism and integrity of the new Commission panel members. The Court has previously rejected a similar argument, *see* Doc. # 880, and there is no cause for throwing the Commission down the slippery slope that Alexander urges this Court to take.

Alexander's proffered solution of a *de novo* hearing to this Court instead of to this or any other Commission is therefore not well taken. Inherent in the commission process is that this Court can already review each and every aspect of the hearing that has taken place and can act to

ensure that both parties received a fair hearing resulting in a just decision.  The absolute effect of the Commission hearing of which Alexander warns does not exist.  There is thus no need on the specific ground asserted to afford Alexander a second bite at the apple to introduce evidence and re-litigate her case.

It is the Order of this Court as follows:

(1) The Court finds the objection to the participation of Commissioner Paynter in the Alexander proceedings well taken for the limited reasons set forth herein and in the incorporated July 30, 2010 Opinion and Order.  (Doc. # 875.)  This Court again emphasizes that its decision in no way reflects poorly upon the notable integrity, character, ability, or professionalism of either Commissioner Paynter or Attorney Gregory Brunton.  Instead, the Court's decision remains simply a cautionary measure undertaken to ensure that there is not even a possibility of an appearance of impropriety.

(2) The Court does not find well taken that part of Alexander's first objection in which she requests not re-deliberation by a second Commission panel, but a new hearing to this Court. Pursuant to Federal Rules of Civil Procedure 53(f)(1) and 71.1(h)(2)(D), however, the Court is not bound by the relief an objecting party requests and is free to adopt, modify, or reject in whole or in part any part of the Commission's Report and Recommendation.  Notably, the Court is also empowered to resubmit the matter to the Commission with instructions.  The Court therefore remands the Alexander Report and Recommendation to the Commission for further consideration.  Upon remand, the Commission Chairperson shall appoint one of the alternate commissioners to join Chairperson Travalio and Commissioner Hinkle in new deliberations. The Commission panel shall then submit a new Report and Recommendation based upon the

deliberations of Travalio, Hinkle, and the replacement commissioner, all of whom shall not be bound by either the prior deliberations or the prior Report and Recommendation.  Depending upon the new deliberations, the new Report and Recommendation may be identical to the prior Commission decision or different than that decision, in whole or in part, just as if a new jury were sent into new deliberations after the replacement of a juror.  This remand does not invalidate the fact that two of the three other commissioners involved in the Alexander recommendation agreed to that recommendation.  Rather, it recognizes that the discussions involved in reaching that decision involved Commissioner Paynter and thus may have been influenced by his participation.  Deliberations begun anew erase any question as to the degree of influence his input may or may not have had.

(3) Having remanded the submitted Report and Recommendation for new deliberations, the Court finds the remainder of Alexander's premature objections to be moot.  Given that this conclusion does not target the merits of any of Alexander's substantive objections, Alexander remains free to make whatever timely objections she deems fit to the new Report and Recommendation, just as REX remains free to do likewise.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE