UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROCKIES EXPRESS PIPELINE, LLC,**

       **Plaintiff,**                      **Case No. 2:08-cv-554**
                                            **JUDGE GREGORY L. FROST**
     **v.**                                  **Magistrate Judge Terence P. Kemp**

**4.895 ACRES OF LAND, MORE OR LESS,**
**IN BUTLER COUNTY, OHIO**
**(PIPELINE RIGHT-OF-WAY SERVITUDE), et al.,**

       **Defendants.**

## OPINION AND ORDER

This matter is before the Court for *de novo* consideration of the Report and Recommendation of the Commission regarding the Murray property.  (ECF No. 1060.)  Also before this Court are objections (ECF No. 1062) filed by Defendants Murray Energy Corporation, American Energy Corporation, and Consolidated Land Company ("Murray"), and a memorandum in opposition (ECF No. 1069) filed by Plaintiff, Rockies Express Pipeline, LLC ("REX").[1]  For the reasons that follow, this Court finds the objections not well taken, overrules the objections, and adopts the Report and Recommendation of the Commission.

In the November 22, 2011 Report and Recommendation, the Commission recommended that the Court find no damages due to Murray from REX in regard to the 6 West Longwall Panel. This recommendation was the result of a unanimous decision reached by Commission

---

[1] All pinpoint references to documents filed on the electronic docket shall be to the original page numbers of the documents involved, not to the page numbers assigned by the electronic filing system.

Chairperson Gregory M. Travalio, Commissioner James Trifelos, and Commissioner G. Franklin Hinkle, II.  (ECF No. 1060, at 2.)  Murray subsequently objected to the Commission decision (ECF No. 1060) and to the underlying Orders of this Court (ECF Nos. 1035, 1056) upon which the Commission relied.

Murray incorporates by reference the prior arguments the companies raised in continuing to argue that Murray mined the 6 West panel by necessity and is thus entitled to compensation from REX.  Given that Murray presents nothing new in the objections, the objections are essentially a necessary step toward exhausting the Commission process and obtaining an appealable judgment.

In opposing the objections, REX is correct that this Court has already considered and rejected Murray's overarching premise that because its business decision to mine when it did was necessary, its actions fall within the scope of these proceedings.  The Court has also rejected each of Murray's specific contentions supporting that premise.  This Court incorporates by reference here its prior analysis, which REX accurately summarizes in its briefing.  (ECF Nos. 1035, 1056.)

Based on the record before this Court, the Commission did not err in following this Court's analysis as it did.  The consequent result of this analysis led the Commission to properly exclude evidence and to then conclude and recommend that no compensation is due to Murray.  Because this Court is in agreement with the Commission, the objections are not well taken for the reasons set forth in greater detail previously.

This Court **OVERRULES** the objections (ECF No. 1062) and **ADOPTS AND AFFIRMS** the November 22, 2011 Report and Recommendation of the Commission regarding

2

the 6 West property (ECF No. 1060). It is the Order of this Court that a judgment is entered in which Murray is not entitled to any compensation. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED**.

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE